Allen, J.
 

 This court has only to do with the bequest of the personalty. The real property devised by the testator is situated in California, and whether the devise is valid depends upon the laws of that State.
 

 Title to real estate can only be acquired or lost agreeably to the law of the place where the same is situated.
 
 (Abell
 
 v.
 
 Douglass,
 
 4 Denio, 305.) The tenure, mode of enjoyment, transfer and descent of real property is regulated by the
 
 lex looi rei sitae.
 
 (2 Kent Com., 429; Story Confl. Laws, §§ 465,474.)
 

 Whether, therefore, the trust created by the will as to the realty is valid, or whether it is void as in conflict with the laws or policy of the State of California, can only be determined by the courts of that State.
 

 Although the real and personal property are given by the same clause of the will, and upon the same trusts, they are severable, and the validity of one does not depend upon that of the other. One may be good by the
 
 lex looi rei sitae,
 
 while the other is bad, by the
 
 lex domicilii,
 
 or
 
 vice versa
 
 / but they are not necessarily brought into the same condemnation by reason of their connection with each other. The real and personal property are entirely distinct, and the trusts as to each can be well executed and effect given to the will of the testator, without reference to the other. The intent was to
 
 *396
 
 create a trust in all the property, real and personal, for the benefit of the three individuals named, for their lives, and can be well'executed as to part, although it may fail as to another part of the property. The testator having been domiciled within this State at the time of his death, the validity of the bequests of the personalty depends upon the laws of this State. (
 
 Wood
 
 v.
 
 Wood,
 
 5 Paige, 596.) By the devise, if valid, the title to the personal property necessarily vested in the executor.
 

 It was given to him in trust, and no title or interest vested in the
 
 cestui que
 
 trust. They acquired equities under the will, but no legal estate in the property itself.
 
 (Amory
 
 v.
 
 Lord,
 
 5 Seld., 403.) The devise was to the executor in trust, the whole income of the property devised to be paid to the brother William B. Jones, during his life, and upon his death to be divided equally and paid to the sisters Catharine and Georgiana, during their lives, and in case of the death of either, the whole income to be paid to the survivor.
 

 It is not a passive trust, but a duty is devolved upon the trustee to receive and pay over the income as it accrues. This necessarily gives him the legal property in the personalty and a right to the possession of the same, and excludes the idea of successive estates in the
 
 corpus
 
 of the property in the brothers and sisters in the order named. The income was to be paid to them by the executor and trustee, and no other person is named or recognized as the devisee-and donee of the property itself. The clear intent of the testator was to vest the title in the executor during the continuance of the lives named, with limitation over at the death of the survivor. The executor was authorized by necessary implication arising from the duty imposed of paying over the income, to collect and receive the same, which takes the trust out of the class of passive trusts condemned by statute.
 
 (Boynton
 
 v.
 
 Hoyt,
 
 1 Denio, 53.) The.whole tenure of the will, as well as the particular devise, negatives all intent to give the
 
 corpus
 
 of the estate, or any part iof it, to the persons entitled to the income for their respective lives in succession. The will then sus
 
 *397
 
 pends the absolute ownership of the personal property, for a longer period than during the continuance of two lives, in being at the time of the death of the testator, and is void. (1 R. S., 773, § 1;
 
 Gott
 
 v. Cook, 7 Paige, 521.) The executor and trustee is not the absolute owner. He holds it upon a special trust, and there can be no absolute ownership, until after the death of the last
 
 eestm que
 
 trust, and the title vests as a gift over after that event. It is true that it is possible, that by the death of one or both of the sisters, during the life of the brother, the absolute ownership may not actually be suspended beyond the time allowed by law, but this possibility will not sustain the will. If the suspension of absolute ownership will not, under all circumstances, that is, necessarily, terminate within the prescribed period, the disposition is void.
 
 (Schutter
 
 v. Smith, 41 N. Y., 328 ; Lewis on Perpetuities, 170.) By the terms of the will, the gift over cannot take effect until the death of three persons named as beneficiaries under the trust, all of whom were living at the death of the testator. The gift is to the executor in trust, to pay the brother the whole income during his life; at his death, pay one-half to each of the two sisters dm-ing their joint lives, and upon the death of either, to pay the whole to the survivor for her life, and then to the child or children of the sister Georgiana, or if she shall have died without having issue, then to Columbia College. The three lives must terminate, not only as a condition precedent to the taking effect of the gift over, but before it can be known who will be entitled ultimately to take. Georgiana may die before Catharine, leaving issue capable of taking, if they shall be living at the death of Catharine, but that they will survive Catharine, and actually take, to the exclusion of Columbia College, cannot be known until the death of both sisters, for it is “ then,” upon the happening of that event, the estate is to pass “ to the child or children of Georgiana, or to Columbia College, as the one or the other shall be entitled.”
 

 The ultimate limitation over is too remote, being suspended until the actual termination of three lives in being. (
 
 Wood
 
 
 *398
 

 v.Wood
 
 ;
 
 Amory v. Lord ; Schutter
 
 v.
 
 Smith; Gott v. Cook, supra; Van, Vechten v. Van
 
 Vechten, 8 Paige, 104.) The trust created was an entirety, and cannot be avoided in part and sustained in part. The trust is to receive and pay over the income for the three lives, to the brother for his life, and then to the two sisters, with cross limitations over as between them, and the vesting of the estate in those to whom it is ultimately limited and given cannot be accelerated, if for no other reason than that it cannot be known who will be ultimately entitled under the will, until the death of the last sister, for then, and then only, is the limitation over to take effect. A decree or judgment declaring the trust good for two lives, and determining the trust upon the death of the sister first dying, would not accelerate the vesting of the estate in those ultimately entitled.
 

 The testator has not given, as between the sisters, successive estates or equitable interests; they take simultaneously, with cross remainders, and the case is not within the' rule which allows courts applying the doctrine of
 
 cy pres
 
 to give effect to parts of a will, while avoiding other parts of the same instrument. A void trust, which is separable from other valid trusts, may be cut off when the trust thus defeated is independent of the other dispositions of the will, and subordinate to them, and not an essential part to the general scheme. This was held in
 
 Manice
 
 v.
 
 Manice
 
 (43 N. Y., 303) after a careful consideration of the authorities, and the rule thus limited and restricted was adopted as a rule just in itself, and fairly deducible from all the adjudications. Here there is no separate trust which is void and which can be separated from the others. The one trust is void, because by it the absolute ownership of the property is suspended for more than two lives grouped together, not only as
 
 eestuis que
 
 trust, but as indicating the limit of the trust as to time, and the consequent suspension of ownership. If it were allowable to sever lives thus grouped, dropping aE that might be in excess of two, and to cut off one or more of several
 
 eestuis que
 
 trust, all of whom are provided for in a single clause of
 
 *399
 
 the will, and, in pursuance of a single intent of the testator, all being embraced in a common purpose, all the trusts which have been adjudged void might have been sustained in part instead of being void
 
 in toto.
 
 The intent of the testator was to make provision for his brother and sisters from the income of his estate during their lives, and the life of the survivor, and that the
 
 corpus
 
 of the estate should be inalienable until after the death of all, and to this end the property, real and personal, was devised to the executor in trust for the purposes named, and the will is so framed that there can be no vested estate in remainder in the personalty, no ownership under the limitation over until the death of the three
 
 cestuis que
 
 trust for life. The bequest of the personalty to the executor upon the trusts named must, therefore, be declared void, and that portion of the estate distributed to those entitled, as in case of intestacy. To the sisters who contest the will a legacy is given of $1,000 each. Their counsel upon the argument consented, in case the trust was held void, to relinquish their rights as legatees. It is doubtless a case in which they should elect between the provision made for them in the will, and their rights in opposition to the will.
 
 (Hawly
 
 v. James, 16 W. R., 142, and cases cited.)
 

 The judgment of the Supreme Court should be reversed, the bequest of the personal property declared to be void, and, after the payment of the debts and legacies, other than the legacies of Georgiana Onativia and Catharine Grilling, and other proper charges, the same should be divided equally between William B. Jones and Georgiana Onativia and Catharine Griffing, the distribution entitled under the statute of distributions, and. the costs of the several parties to be adjusted by the Supreme Court, and paid from the fund by the executor before making distribution. Proceedings should be remitted to the Supreme Court for such further action as maybe necessary to give effect to the judgment of this court.
 

 All concur.
 

 Judgment accordingly.