JOHN B. IRELAND, Executor, etc., Appellant, *v.* ISRAEL CORSE et al., Executors, etc., Respondents.

The will of I. appointed three executors and directed that one of them should "receive a commission of six per cent upon all moneys collected by him." *Held*, that this did not entitle the executor to the commission on the entire proceeds of the estate, or upon all sums received by the executor, but only on collections, giving the word its ordinary meaning

(Argued November 14, 1876; decided November 21, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a decree of the surrogate of the county of New York on the final accounting of the executors of Andrew L. Ireland, deceased.

The fourteenth clause of the will of deceased provided as follows:

" I hereby nominate and appoint Israel Corse, Esquire, my grand nephew, William Johnson, Esquire, and John B. Ireland, Esquire, executors and trustees of this my will, and I further direct that said John B. Ireland shall receive a commission of six per cent upon all moneys collected by him."

The testator died seized of a large amount of real estate and of personal property. The will directed the real and personal estate to be converted into money, and the appellant claimed that he was entitled to six per cent, under the clause of the will above quoted, upon all the proceeds of such conversion. The auditor, to whom the settlement of the estate was referred by the surrogate, found on this question that the appellant, Mr. Ireland, was entitled to receive six per cent upon moneys actually collected by him, and that the testator did not intend that this commission should apply to any money except that arising from collections actually made. The surrogate overruled the exceptions taken to the auditor's report, and allowed to the appellant commission on the entire estate as executor under the statute, and as the auditor reported that he was unable to determine from the papers before him the precise amount which was actually collected by the executor John B. Ireland, and upon which he should receive a commission of six per cent, no such commission was allowed by the surrogate in said decree.

*Ira D. Warren* for the appellant. Plaintiff was entitled to six per cent upon the entire proceeds of the estate. (Worcester's Dictionary, 264; *Cromer* v. *Pinckney,* 3 Barb., Ch., 466; *Roosevelt* v. *Thurman,* 1 J. Ch., 220; *Mowatt* v. *Carow,* 7 Paige, 328; *In re Hattel,* 8 id., 375; *Hove* v. *Van Schaick,* 3 N. Y., 538; *Sherwood* v. *Sherwood,* 3 Bradf., 230; *Doe* v. *Brown,* 11 East, 441; 1 Redf. on Wills, 427; Rules, 16, 17.)

*Charles E. Miller* for the respondents. Plaintiff was not entitled to six per cent on the whole estate, but only upon the

rents and profits collected by him personally. (*Soverhill* v. *Suydam*, 50 N. Y., 142; 1 Redf. on Wills [2d ed.], 580, note.)

*Per Curiam.* The language employed in the fourteenth clause of the testator's will is not sufficiently comprehensive to entitle the appellant to a commission of six per cent upon the amount of the entire proceeds of the estate. Had the testator intended to make any such provision it must be assumed that he would have employed plain and intelligible terms which would clearly express such an intention. As he failed to do this, the construction of the clause in question must necessarily be restricted to the ordinary definition of the word which the testator has selected to convey his meaning. Having this in view, in no sense can the word " collected," which is incorporated in the clause referred to be interpreted as including all moneys received by the appellant as executor, or the entire avails of the estate which were realized. Even if the word thus employed could be regarded as applying to any portion of the testator's property, which came into the hands of the appellant, it cannot be held to comprehend more than it plainly imports. So far as the entire estate is concerned, it can have no effect, and .as it is not made to appear distinctly that there was any portion of the estate received by the appellants, to which the word used was applicable, he was not entitled to the allowance of six per cent.

The decree was right, and must be affirmed, with costs.

All concur.

Judgment affirmed.