NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—April, 1887.

MATTER OF RUSSELL.

*In the matter of the estate of* DAVID RUSSELL, *deceased.*

The possibility that an event, upon which a testamentary limitation, sus-
pending the absolute ownership of personal property, is to determine,
may occur later than at the expiration of two lives in being at the
death of the testator, avoids the disposition.

Testator, by his will, gave the residue of his estate to his executor, in trust,
to sell the same, invest the proceeds, and pay out of the income a life
annuity to A. and B., respectively, and the balance to his daughter C.,
for life ; providing that, as A. and B. should severally die, their annui-
ties should fall into the income payable to C.; and upon C.'s death,
the principal, "as the same is relieved from the payment of the life
interest" mentioned, be divided among specified persons.—

*Held,* that, inasmuch as, if C. survived neither or both of the annuitants,
no distribution could be effected until the termination of the third life;
while no intimation was given as to what portion of the principal should
be "relieved" upon the death of C. and one annuitant, the scheme
was wholly invalid, as being in contravention of the statute (1 R. S.,
773, § 1).

Moore v. Hegeman, 72 *N. Y.*, 376; Monarque v. Monarque 80 *id.*, 320—
distinguished.

CONSTRUCTION of will, upon application for probate.

JOHN J. ROCHE, *for proponent.*

FOSTER & THOMSON, *for contestants.*

THE SURROGATE.—By the second clause of the in-

strument, the validity of whose provisions is here in issue, this testator gives his entire residuary estate to his executor in trust, with power to sell and to invest the proceeds of sale, and to collect and receive the income, interest, rents, etc., of such property or proceeds, and with the following directions as to distribution :

" I do direct that from the net income, interest money, rents and dividends collected and received as aforesaid, my trustee do pay to my sister, Jane R. McAllister, the annual sum of one hundred and twenty-five dollars during her life ; and that my said trustee do pay to my brother, William Russell, the annual sum of one hundred and twenty-five dollars during his natural life ; and that my said trustee do pay all the rest, residue and remainder of said income, interest money, rents and dividends, as the same are collected and received, to my daughter, Mrs. Isabella Home, for and during the full end and term of her natural life.

" It being my will, and I do direct that, upon the decease, respectively, of my said sister, Jane, and my brother, William, the amounts of money directed to be paid to each of them respectively, as aforesaid, be paid as part of the income of my residuary estate to my aforesaid daughter, Isabella, the same as the income of the other parts of said residuary estate are hereinbefore directed to be paid to her.

" It is my further will and I direct that *upon the decease of my said daughter* the principal of my estate as the same is relieved from the payment of the life interests, as herein provided, by the deaths respec-

tively of the persons for whose benefit the same are respectively created, be divided equally, share and share alike, by and between certain specified persons."

It is claimed on behalf of the testator's daughter, Mrs. Home, that these dispositions, which admittedly concern personal property alone, are in contravention of the provisions of § 1, tit. 4, ch. 6, part 2, R. S. (3 Banks, 7th ed., 2256), and are therefore ineffectual and void.   The language of that section is as follows " :

" The absolute ownership of personal property shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition ; or, if such instrument be a will, for not more than two lives in being at the death of the testator."

In determining whether the provisions in dispute are valid or invalid, it is essential to inquire in the first place what it is that they seek to accomplish.   Whether they are in harmony with the statute or at odds with it, is a question whose consideration should be postponed until we have discovered precisely what they mean (Van Nostrand v. Moore, 52 *N. Y.*, 12 ; Colton v. Fox, 67 *N. Y.*, 343).

We must first ascertain the intention of testator, or more properly the meaning of his words, in the clause under consideration, and then endeavor to give effect to them, so far as the rules of law will permit.   Our first duty is to construe the will; and this we must do, exactly in the same way as if the rule against

perpetuity had never been established, or were repealed when the will was made; not varying the construction in order to avoid the effect of that rule, but interpreting the words of the testator wholly without reference to it (Lord Dungannon v. Smith, 12 *Cl. & Fin.*, 399).

Now it is obvious that the testator intended that his residuary estate should be kept as one undivided fund so long as his daughter should live. Whether either or both of the annuitants should die in her life-time, or whether, on the other hand, both should survive her, it was manifestly his purpose that the entire property should be held by the executor until her death. Not until the arrival of that period is any distribution of the *corpus* to be effected, and not until then is any portion of the residue to be relieved from the charge of contributing from its income to the various beneficiaries.

In the event that one of the annuitants shall die before the testator's daughter, the entire estate must be retained by the executor for yielding income for the daughter and the surviving annuitant. In the event that such surviving annuitant shall thereafter die while the daughter is yet living, the whole estate must be retained until the daughter's death. If the daughter shall die after the death of one of the annuitants and in the lifetime of the other, it is *certainly* true as regards a part of the estate, and is, *perhaps*, true as regards all, that no distribution can be effected until the termination of the third life.

A similar situation will arise in case the daughter shall predecease both annuitants, which seems to be

the contingency that the testator specially had in mind. He declares that upon his daughter's decease, the principal of his estate "*as the same is relieved* from the payment of the life interests, by the deaths respectively of the persons for whose benefit the same are respectively created," shall be distributed, etc. But, the will gives no intimation as to what portion of the principal shall be "relieved" upon the death of the daughter and one of the annuitants, and what portion shall be thereafter retained for the benefit of the surviving beneficiary.

To hold that one half part of the estate would then become distributable would be to hazard a guess as to the testator's meaning rather than to put a fair interpretation upon his language. Even these vague directions, as to a separation of the estate into shares, and the exoneration of some portion of it from the charge of producing income for the several beneficiaries, were not intended to be effectual, as has been already intimated, until after the death of the daughter, even though that event should not occur until after the death of both annuitants. This case does not, therefore, fall under the protection of Moore v. Hegeman (72 *N. Y.*, 376), or of Monarque v. Monarque (80 *N. Y.*, 320).

If there is a possibility that the event upon which a limitation is made to depend may exceed in point of time the period authorized by law, that is a fatal circumstance. A limitation is effectual only when it must of necessity take effect within the compass of two lives in being at the testator's death (Hawley v. James, 16 *Wend.*, 61; Schettler v. Smith, 41 *N. Y.*,

328; Knox v. Jones, 47 *N. Y.*, 389; Shipman v. Rollins, 98 *N. Y.*, 311).

Such is not the character of the limitation here under discussion. The provision creating it, and creating the trust respecting the income, must therefore be pronounced void.