A provision of a will suspending the power of alienation is valid to the extent of two lives in being, though testator attempted to accomplish a further suspension.

Accounting by the trustees under the will of Edmund W. Corlies, deceased.

Butler, Stillman & Hubbard, for trustees.
Thomas B. Hewitt, for Mary A Corlies.
James McKeen, special guardian.

ABBOTT, S.   Edmund W. Corlies died on the 5th day of February, 1890.   He left, him surviving, his widow and five children, three sons and two daughters.   He left a last will and testament. By the fourth paragraph of his will he bequeathed to his executors $100,000, in trust, to collect the income thereof, and pay the same to his widow during her life.   Upon her death this fund of $100,-000 was to become a part of the testator's residuary estate.   The testator disposed of his residuary estate as follows:

"Sixth. I give, devise, and bequeath all the rest, residue, and remainder of my estate to my executors, or to such of them as may qualify and take upon themselves the execution of this will, in trust, to divide my said residuary estate into as many equal parts or shares as I may leave children surviving me, one share to represent each child, and to securely invest the principal of every such share, in trust for the benefit of the child whom it represents, and to collect and receive the income arising therefrom, and to apply the said income as fast as received to the use of the child whom it represents, if a minor, during the minority of such child, so far as may be necessary, and any excess of income not required for such purpose shall be added to the principal of such share during the minority of such child. In the case of a child who has attained the age of twenty-one years before my death, or when any child attains the age of twenty-one years, the entire income of the share of such child shall thereafter be paid to him or her as it is received during his or her natural life.   I further authorize and empower my said executors, in their discretion, and that of their survivors or survivor or successor, to advance to any one of my sons, after he shall have attained his majority, upon his written request, and at any time, the whole or any part of the share in the principal of my estate representing such son.   Such discretion shall be exercised by my said executors in view of all the circumstances which, in their judgment and experience, ought to be considered, it being my intention to repose such discretion in my said executors as shall give my said sons the benefit of their judgment, whether, all things considered, it is best to retain the whole or some portion of their respective shares in trust, or to place the same in their absolute control.   I further authorize and empower my said executors, in the exercise of a like discretion as above, to advance to any one of my daughters, being of full age, upon her written request, out of the share representing such daughter, a sum or sums not exceeding in all twenty-five thousand dollars.   And in every case the written receipt of any son or daughter for the sums so advanced shall be a full and complete discharge of my executors in respect thereto. And, on the death of my said wife, the principal sum of one hundred thousand dollars, constituting the trust fund for her benefit, as directed in the preceding fourth article of this will, shall be equally divided into as many parts as I shall leave children at my death, and be added to the shares of said children respectively, and disposed of in like manner as hereinbefore

directed in respect to the several trusts created for the benefit of my said children.

"Seventh. In case of the death of any child of mine leaving lawful issue, such issue shall stand in the place of and represent their deceased parent, and take the share representing such parent remaining in the hands of my executors and trustees, with all accumulations and income thereon in equal proportionate parts; and, in default of issue, the share remaining in the hands of my executors and trustees of any child so dying shall fall into and become a part of my residuary estate."

One of the testator's sons, Thomas Corlies, has died without leaving any issue surviving him. He was more than 21 years of age at the time of his decease. The trustees of the last will and testament had not made any advances to him out of the capital of the estate, in the exercise of the discretion vested in them by the sixth paragraph of the will. The trustees now seek the instruction of this court, in their accounting proceeding, as to the disposition which shall be made by them of the one-fifth share of the residuary estate set apart by them for the benefit of testator's deceased son Thomas.

I am of the opinion that the issues involved in this proceeding do not call for a general construction of all the provisions of the will and the present determination of the ultimate disposition which shall be made by the trustees of the respective trust funds in their hands. In fact, I seriously question the power of the surrogate to make such general construction at this time. I do not understand that the validity of the provisions of the will is questioned by any of the parties to this proceeding, in so far as such provisions relate to the original trust fund set apart for the benefit of the widow and children, respectively, during their respective lives, or that there is any claim of right to an immediate and final distribution of any of the trust funds among testator's widow and next of kin, except that set apart for the benefit of testator's deceased son, Thomas. Even if such claim be made, it is utterly untenable. Purdy v. Hayt, 92 N. Y. 447; Tiers v. Tiers, 98 N. Y. 568. While these decisions both relate to real property, the principle there laid down should be extended by analogy to dispositions of personal property. In fact, the principle was recognized as applicable to personal property in Knox v. Jones, 47 N. Y. 389, 398. See, also, Henderson v. Henderson, 113 N. Y. 1–15, 20 N. E. 814.

We are thus brought at once to the consideration of that portion of the will which provides for the disposition of the share of the residuary estate of a child who dies without issue: "In default of issue, the share remaining in the hands of my executors and trustees of any child so dying shall fall into and become a part of my residuary estate." The "share" here referred to is the original share set apart, less any sums which may have been advanced in pursuance of the discretion granted to the trustees by the sixth paragraph of the will. It may also include any income accumulated thereon during the minority of the child representing such share. Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481. Referring, again, to that portion of the will which makes disposition of the residuary estate, we find that the residue is given to the trustees

in trust to divide into shares, collect and receive income, and pay over the same to adult children, and apply to support and maintenance of minor children during their respective lives. Therefore, upon the decease of Thomas without issue, the share of the residuary estate set apart for his benefit again fell into the residuary estate, to be disposed of as provided in the will. It passed again to the trustees, in trust, "to divide * * * into as many equal parts or shares as I may leave children," etc. An utterly absurd construction of these provisions of this will must not be adopted, although in accord with its literal and exact language. Such an absurdity would be involved in the subdivision of Thomas' share into five parts, the number of testator's children surviving him. The evident intention of the testator was to provide for his children and their issue to the extent of the full amount of his residuary estate, and, in the event which has happened in the case of Thomas, that testator's children and their issue should still enjoy the entire residue. So long as such evident intention is lawful, and does not violate any provisions of the statutes of this state, it must be carried out by the trustees. To the extent of at least two successive lives in being at the date of the death of the testator, the provisions of his will which provide for a suspension of absolute ownership of personal property and the power of alienation of real property are valid, whether or not the testator has attempted to accomplish a further suspension or to make any other unlawful disposition of the remainder. Purdy v. Hayt, supra; Tiers v. Tiers, supra; Henderson v. Henderson, supra.

Applying the test of lives in being at the testator's death to the effect of the subdivision of Thomas' share, we find that the suspension as to the entire share of Thomas has already extended through Thomas' life. That share is now to be subdivided into four parts, and the suspension as to such subshare may continue during the life of the person for whose benefit it shall be set apart, without doing violence to the statute against perpetuities. In the event of the death of a second child of the testator without leaving issue, it will become necessary to determine the ultimate and final ownership of the accretion to his share from the share of Thomas. As to such subshare, the limit of two lives will then have been reached, and a final distribution thereof in absolute ownership must be made. But, until such contingency happens, it is unnecessary to decide this question.

I am of the opinion that, upon this accounting, it is the duty of the trustees to subdivide the one-fifth share of Thomas into four equal parts, and to hold one such equal part or subshare for the benefit of each of the surviving children of the testator, upon the same trusts and for the same purposes specified in the sixth paragraph of testator's last will and testament.

I can see no objection to a statement in the decree that the same is made without prejudice to any rights of the widow, Mrs. Corlies, under chapter 452 of the Laws of 1893.

Decreed accordingly.