HERZOG v. TITLE GUARANTEE & TRUST CO. et al.

(Supreme Court, Special Term, New York County. March 23, 1903.)

1. PERPETUITIES—FUTURE ESTATE—TERMINATION.

Real Property Law, § 32 (Laws 1896, p. 565, c. 547), provides that every future estate in lands which suspends the power of alienation for a longer period than during the continuation of not more than two lives in being at the creation of the estate is void. Personal Property Law, § 2 (Laws 1897, p. 507, c. 417), provides that absolute ownership of personalty shall not be suspended by limitation or condition for a longer period than two lives in being at the death of testator if the instrument containing such limitation be a will. *Held*, that a future estate is void unless so limited that in every possible contingency it will absolutely terminate within the statutory period.

2. SAME—WILLS—CONSTRUCTION—EFFECT.

Testator's will provided that his executors should hold all his estate during the lives of those two of his children who surviving him should be the youngest at his death, and should divide the estate among the children on the death of the survivor of such two. A codicil provided that, in case a certain child should marry a certain man, she should have an annuity of $15,000 a year, and that on her death $300,000 should be divided between her children who might survive, and the issue of any children of hers who might have previously died. *Held*, that the codicil was void as an illegal restraint on the power of alienation.

Action by Fannie McComb Herzog against the Title Guarantee & Trust Company and others. Judgment for plaintiff.

Harrison & Byrd (Robert L. Harrison and W. W. MacFarland, of counsel), for plaintiff.

Duer, Strong & Whitehead (John Notman and Wm. Allen Butler, of counsel), for defendant executors and trustees.

Deyo, Duer & Bauerdorf (Robert E. Deyo, of counsel), for defendant Jennings Scott McComb.

TRUAX, J. James Jennings McComb, a resident of this state, died on the 31st day of March, 1901. He left a will to which there are three codicils, all of which were duly admitted to probate by the surrogate of Westchester county on the 23d day of April, 1901, and letters testamentary were granted to the Title Guarantee & Trust Company, May Esther McComb, Jennings Scott McComb, and Granville W. Garth. Mary Esther McComb died in July, 1901, and pursuant to the provisions of the first codicil of the said will, and in

September, 1901, the defendant David J. McComb was appointed executor of the will in her place and stead. The testator left, him surviving, his widow, Mary Esther McComb, and his four children, Mary Alice McComb Coxe, Fannie Rayne McComb (now Fannie McComb Herzog, this plaintiff), Lillie McComb Garth, and Jennings Scott McComb, his only heirs at law and next of kin. The material parts of the will, as far as they relate to this action, are the fifteenth clause of the will and the ninth clause of the third codicil to the will. The fifteenth clause of the will is, in part, as follows:

"All the rest, residue and remainder of my estate of what kind soever, whether real or personal, and wheresoever situated, I give, devise and bequeath to my executors and trustees and to their successors in trust to hold, invest, maintain and manage during the lives of those two of my children who, surviving me, shall be the youngest of my children at the time of my death and for such time thereafter, if any, as may be permissible by and under the laws of the State of New York upon the trusts and for the purposes stated below, to wit: * * * 3d. From the income of said residuary estate not otherwise disposed of, to pay the sum of $6,000 per annum, in semiannual or quarterly installments, to each one of my four children, to wit: Mary Alice, Fanny Rayne, Lillie and Jennings Scott, and to apply the remainder of said income, during the continuance of this trust, to the payment and satisfaction of all liens or mortgages upon the aforesaid Central Park Apartment Buildings until all said liens and mortgages shall have been paid off and satisfied, and then to divide the said remaining income equally among, and pay the same in equal parts to, my four children above mentioned, paying to the issue or devisee of any child dying before the termination of said trust the parents' share and distributing equally among the surviving children the share of any who may have died without issue and intestate. 4th. Upon the termination of said trust, to pay and satisfy any liens or mortgages upon said Central Park Apartment Buildings then remaining unpaid and thereupon to pay, transfer and convey said residuary estate in equal parts, share and share alike, to my said children above named, or to their respective heirs, legatees, devisees, next of kin, executors, administrators or assigns."

The ninth clause of the third codicil is as follows:

"It is my will and I hereby direct, that, in case my daughter Fannie shall marry Mr. Louis Herzog, the provision which she shall enjoy from my estate shall be as follows: An annuity of fifteen thousand dollars ($15,000) per year shall be paid to her, so long as she shall live, free and clear from any enjoyment or interference therewith on the part of her husband. Upon her death the sum of three hundred thousand dollars ($300,000) shall be divided between her children, who may survive her, and the issue of any child of hers, who may have previously died, such issue to take the parents' share. The principal so to be divided upon her death shall be three hundred thousand dollars ($300,000)."

On the 31st day of December, 1901, the above-named Fannie Rayne McComb married Mr. Louis Herzog, and thereafter this action was commenced. The judgment demanded in the complaint is that the trust created in and by the fifteenth clause of the said last will and testament of James Jennings McComb, deceased, may be construed in connection with the ninth clause of the third codicil, and that the ninth clause of the said codicil be adjudged and declared inoperative and void, and that the defendants the executors and trustees be directed to pay to the said plaintiff one equal fourth part of the income of the said residuary estate, and upon the termination of the said trust to pay and convey one equal fourth part of the said residuary estate to the plaintiff herein, or to her heirs, devisees, next

of kin, executors, administrators, or assigns. This court has already declared those provisions in the residuary and other clauses of the will which directed the application of the income of the estate to the payment and discharge of the mortgages and other liens upon the Central Park Apartment Buildings to be illegal and void, and has directed that the entire net income of the estate be paid over in equal shares to the testator's four children. This decision was made before the marriage of Fannie Rayne McComb to the said Louis Herzog.

A will is the legal declaration of a man's intention, which he wills to be performed after his death, touching either the disposition of his property, the guardianship of his children, or the administration of his estate, or any or all of these things. It may consist of only one instrument, or it may consist of one instrument and one or more codicils. In the case before us the will of James Jennings McComb consisted of a certain instrument, dated June 9, 1892, and of three codicils. The "will" of the said James Jennings McComb, as far as it relates to the residuum of his estate, is to be found in the fifteenth clause of the instrument dated June 9, 1892, and in the ninth clause of the third codicil of the will; and these, taken together, read as follows:

"I give, devise and bequeath to my executors and trustees all the rest, residue and remainder of my estate of what kind soever, whether real or personal, to hold, invest, maintain and manage the same during the lives of those two of my children who, surviving me, shall be the youngest of my children at the time of my death, and, upon the death of the survivor of said two children, to pay, transfer and convey said residuary estate in equal parts, share and share alike, to my four children, Mary Alice, Fannie Rayne, Lillie and Jennings Scott, or to their respective heirs, legatees, devisees, next of kin, executors, administrators or assigns. But, however, it is my will and I hereby direct that, in case my daughter Fannie shall marry Mr. Louis Herzog, the provisions which she shall enjoy from my estate shall be as follows: An annuity of $15,000 a year shall be paid to her so long as she shall live, free and clear from any enjoyment or interference therewith on the part of her husband, and upon her death the sum of $300,000 shall be divided between her children who may survive and the issue of any child of hers who may have previously died, such children to take their parents' share."

The legal effect of this, it seems to me, is as follows:

"In case my daughter Fannie marries Mr. Louis Herzog I direct that she have $15,000 of income a year, and on her death her children have $300,000 of principal of my estate, and I direct that all the rest, residue and remainder of my estate be divided between my other three children, Mary Alice, Lillie and Jennings Scott, share and share alike. But in case my daughter Fannie does not marry Mr. Louis Herzog I direct that the income of my estate be divided equally between my said four children, and on the happening of the contingency above-mentioned that the principal be divided between my said four children, share and share alike."

Or, to put it in other language, the testator gave the income of the residue of his estate to his four children, share and share alike, during the lives of those two of his children who should be the youngest of his children at the time of his death, and upon the happening of that event the corpus of his estate to his said four children, share and share alike, with the proviso, however, that if his daughter Fannie married Mr. Louis Herzog the share of Fannie in the income of the estate was to be but $15,000 a year, and upon the termination of the

trust, upon her death, her children were to get $300,000. If the income of the estate is not more than $15,000 a year, Fannie takes it all. If it is more than $15,000 a year, the increase is divided between the testator's three other children, share and share alike, and upon the termination of the trust, if the trust estate is but $300,000, the children of Fannie take it all, but, if it amounts to more than $300,000, her children are to have but $300,000, and the rest of the estate is to be divided between the testator's three other children, share and share alike. Section 32 of the real property law (Laws 1896, p. 565, c. 547) provides that every future estate in lands shall be void in its creation, which shall suspend the absolute power of alienation, by any limitation or condition whatever, for a longer period than during the continuance of not more than two lives in being at the creation of the estate, with one exception that has no bearing upon this case. Section 2 of the Personal Property Law (Laws 1897, p. 507, c. 417) provides that the absolute ownership of personal property shall not be suspended by any limitation or condition for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition, or, if such instrument be a will, not more than two lives in being at the death of the testator. It has frequently been held, in determining the validity of limitation of estates under the above statutes, that it is not sufficient that the estates attempted to be created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period. In other words, to render such future estates valid, they must be so limited that in every possible contingency they will absolutely terminate at such period, or such estates will be held void. Schettler v. Smith, 41 N. Y. 328; Burrill v. Boardman, 43 N. Y. 259, 3 Am. Rep. 694; Knox v. Jones, 47 N. Y. 397. I am of the opinion that the ninth clause of the third codicil of the will is invalid, because it suspends the power of alienation for a longer period than the lives of two persons in being at the time the will went into effect. By the plain terms of the will, the trustees hold the estate, in any event, for two lives, namely, the lives of those two children of the testator who shall be the youngest at the time of his death, paying over the income, in the meantime, to certain persons; and, if the testator's daughter Fannie marries the said Herzog, the trustees are to pay her an annuity of $15,000 during her life, and on her death are to pay to her children the sum of $300,000. This provision might prevent, and in fact does prevent, the final distribution of the testator's estate for a longer period than the lives of two persons in being at the time of the death of the testator, for it might be, and it was the fact, that said Fannie was not one of the two youngest of the testator's children at the time of his death. In order to render future estates valid, they must be so limited that in every possible contingency they will absolutely terminate at such period within the statute, or such estate will be held void. Schettler v. Smith, 41 N. Y. 328. But it might have happened that at the time of the testator's death, and it yet may happen, that the estate of the testator will not be able to pay

more than $15,000 a year income, or that there will be more than $300,000 in the estate at the time of the death of said Fannie, in which event the whole of the said estate will have been tied up for a period longer than the lives of two persons in being at the time of the testator's death. It has been contended, however, that the power of alienation is not suspended by the will for a period longer than the lives of two persons in being at the time of the testator's death. The test of the suspension of alienation as to real property is whether there are persons in being at the time of the testator's death, who, by uniting in a conveyance of the property, can transfer an absolute title to the property. And if, in this will, the absolute ownership of any property is not certainly bounded by the lives in being at the time of the testator's death, the whole provision as to this property is invalid. The will provides that, if the said Fannie should marry the said Herzog, the said sum of $300,000 was to be divided between those of her children who should survive her and the issue of any child of hers who had previously died. Now, it can never be known, until the death of the said Fannie, whether she will leave any children surviving her, nor can it be known until her death which of those of her children who had died before she died had left issue, and therefore there will be nobody prior to the death of Fannie who can alienate the estate. I do not deem it necessary to determine whether the plaintiff can or cannot alienate her annuity. There is, however, a decision by the Appellate Division, in this department, which is an authority, I think, for the proposition that she cannot alienate her annuity. See Rothschild v. Roux, 78 App. Div. 282, 79 N. Y. Supp. 833.

Judgment is ordered for the plaintiff, adjudging the ninth clause of the third codicil to be inoperative and void, and directing the trustee and executors of the said James Jennings McComb, deceased, to pay to the said plaintiff one equal fourth of the income of the said residuary estate during the continuance of the said trust, and, upon the termination of the said trust, directing said executors to pay over one equal fourth part of the said residuary estate to the plaintiff herein, or to her heirs, devisees, next of kin, executors, administrators, and assigns. The plaintiff is entitled to the costs of this action and an additional allowance of $2,000. The defendants, other than the guardian, are entitled to the costs of the action and an additional allowance of $2,000. The guardian ad litem is entitled to a sum for his compensation, which sum will be fixed on the settlement of the decree. All costs and allowances are to be paid out of the general fund of the estate. Settle decree on notice.