WAXSON REALTY CORPORATION, Respondent, v. SAMUEL ROTHSCHILD, Appellant.█— Motion for reargument denied, without costs. Consideration of the statute (Real Prop. Law, § 43) and the decisions now called to our attention makes it doubtful whether the will does, strictly speaking, unlawfully suspend the power of alienation. (*Purdy* v. *Hayt*, 92 N. Y. 446; *Matter of Ryder*, 41 App. Div. 247.) In our opinion, however, this does not change the result. Sections 42█ and 43 of the Real Property Law, read together, indicate the intention that there should be no limitation either by life estate or by way of trust beyond two

lives, and that valid suspensions may not be added to valid life estates and thus limit the final vesting of the estate beyond two lives. (*Vandenburgh* v. *Vandenburgh*, 85 Misc. 131.) Furthermore, although in our former opinion we assumed, without deciding, that the words " or her heirs " contained in the will were words of substitution, further consideration leads us to the conclusion that they are words of limitation only, that the remainder, if valid, vested in Adelaide Welch, and that her heirs were not necessary parties to the proceeding in question. (*Steinway* v. *Steinway*, 163 N. Y. 183; *Miller* v. *Gilbert*, 144 id. 68.) Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.