Hazleton, S.
Petitioner seeks a ruling as to the jurisdiction of this court over lands in Denmark owned by an intestate decedent who died a resident of this county. Under familiar rules, this court has no jurisdiction over foreign immovables. (Knox v. Jones, 47 N. Y., 389, 395): “ The tenure, mode of (enjoyment, transfer and descent of real property is regulated 'by the lex loci rei sitae.”
The attorney for the Consul General of Denmark contends that this -court has jurisdiction ov-er the property in Denmark, •and in support of his position, cites Matter of Schneider (198 Misc. 1017). That -ease involved the proceeds .of the sale of ;Swiss real estate which had been sold by -a New York administrator. The fund -existed in the hands of the -accounting -representative, and the Surrogate was obliged to make some .disposition of the money on hand. He did so in accordance with the law of Switzerland. Only because the Swiss law referred the disposition of that decedent’s real estate to the law of his domicil did the court apply local law in the Schneider case. If is no precedent here.
*451 Since this court is without jurisdiction, I make no ruling respecting the administration or ownership of the Danish real estate, but will sign an order containing an adjudication that the administrator’s authority under our letters does not extend thereto.
Proceed accordingly.