MARY MONARQUE, Respondent, *v.* ELIZA MONARQUE et al., SAMUEL W. WOOLSEY, Purchaser, Appellant.

M. died, seized of certain premises, leaving a widow, four daughters and several grandchildren, the children of two of the daughters, him surviving. He left a will, by the first clause of which he gave his widow the use of all his real and personal estate during her life. By the second clause he gave the income arising from his estate to his four daughters, " to be divided between them share and share alike, during their and each of their respective natural life, remainder to their respective children," their heirs, etc. *Held*, that the design of the testator was to give successive life estates, first to his wife, then to his daughters, with remainder in fee to their children; that the gift of the income to the daughters was equivalent to a devise to them of a life estate in the land; that such devise, although embraced in a single clause, was a devise to each of the daughters in severalty of a life estate in one-fourth part of the property devised; that, therefore, on the death of the widow and of any daughter of the testator leaving children, the remainder in fee as to her one-fourth part would immediately vest in possession in her children; and so, that there was no illegal suspension of the power of alienation.

Also *held,* that the remainder so given, vested on the testator's death in the children of his daughters then living, subject to open and let in after born children.

An action for the partition of said premises was brought by one of the daughters, the complaint in which alleged the second clause of the will to be void, and that the daughters took a fee, subject to the life estate of their mother. The judgment in said action directed a sale, taking no notice of the rights of unborn children. Three of the daughters were living at the time of sale. The purchaser at such sale having refused to complete his purchase, on motion to compel him so to do, *held,* that said judgment did not bar the future contingent interests of such unborn issue; and that the purchaser could not be compelled to accept the defective title.

A judgment and sale in partition only concludes contingent interests of persons not in being, when the judgment provides for and protects such interests, by substituting the fund derived from the sale of the land in place of it, and preserving the fund to the extent necessary to satisfy such interests.

Prior to the bringing of the partition suit an action was brought by one of the daughters to obtain a construction of the will, in which action the widow, the other daughters and the grandchildren of the testator were joined as defendants. The adult defendants did not answer; a general answer was put in by the guardian *ad litem* of the infants, and a judgment was taken, practically by consent, declaring the life estate in the widow valid and the subsequent devises void, and adjudging the fee, after the death of the widow to vest, in the daughters. This judgment was set up in the complaint in the partition suit. *Held,* that conceding said judgment was conclusive as to the rights of the parties thereto — as to which *quære* — it did not bind the contingent interests of such unborn issue.

*It seems,* that the case was not a proper one for bringing an action for the construction of the will, as there was no trust or other element to justify invoking the jurisdiction of the court for that purpose.

*Monarque* v. *Monarque* (19 Hun, 332), reversed.

(Argued February 24, 1880; decided March 9, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term, requiring Samuel W. Woolsey, a purchaser at partition sale herein to complete his purchase. (Reported below, 19 Hun, 332.)

The facts appear sufficiently in the opinion.

*George Thompson,* for appellant. The Supreme Court had no jurisdiction to grant the decree in the suit for the

construction of the will. (*King* v. *Poole*, 26 Barb., 244; 1 id., 286; 1 id., 37; *Lanning* v. *Carpenter*, 23 id., 402; *Schoonmaker* v. *Clearwater*, 41 id., 200; *Chambers* v. *Clearwater*, 38 N. Y., 310; *Edwards* v. *Russell*, 21 Wend., 63; *Root* v. *Morgan*, 1 Hill, 654; 1 Wait's Pr., 45; Wait's Code, 24, 25, 26; *Dudley* v. *Mayhew*, 3 N. Y. [3 Comst.], 9; *Beach* v. *Nixon*, 9 id. [5 Seld.], 36; 2 Wait's Law and Prac., 15; *Avards* v. *Rhodes*, 8 Exch., 312; *Lawrence* v. *Wilcock*, 11 Ad. & E., 941; *Vansittar* v. *Taylor*, 3 E. & B., 910, 912; Adams' Equity, 175, 248, 249; Wait's Actions and Defenses, 192; *Chapman* v. *Morgan*, 2 Green [Iowa], 374; *Jeffries* v. *Harben*, 20 Ala., 387; *Rancy* v. *McRae*, 14 Ga., 587; *Lovejoy* v. *Albee*, 33 Me., 414; *Kenney* v. *Greer*, 13 Ill., 432; 21 Barb., 9; 26 N. H., 232; 22 Barb., 271; *Bagley* v. *Briggs*, 56 N. Y., 407; 6 Lans., 356; *Chipman* v. *Montgomery*, 14 Hun, 739; *Same Case*, affirmed, 63 N. Y., 221; 11 Hun, 238; *Stinde* v. *Ridgeway*, 55 How., 301; *Chipman* v. *Montgomery*, 63 N. Y., 221; *Bailey* v. *Briggs*, 56 id., 407; *Bowers* v. *Smith*, 10 Paige, 193, 194.) The rejected clauses of the will were valid. (*Everitt* v. *Everitt*, 29 N. Y., 39; 2 R. S., 1102, §§ 17, 18, 19; id., 1104; § 44.) The pleadings in the suit to construe the will fail to show appropriate jurisdiction. The decree is therefore void. (Story's Equity Pleadings [9th ed.], § 10.) The rights of the infants were not cut off. (Daniells' Ch. Pr., 170; *Stephenson* v. *Stephenson*, 6 Paige, 353; *James* v. *James*, 4 id., 115; *Bowers* v. *Smith*, 10 id., 193; *Mills* v. *Dennis*, 3 J. Ch., 367; note to 1 Daniells' Ch. Pr., 168.)

*J. W. Hawes*, for respondent. The grandchildren were neither necessary nor proper parties to this suit. The judgment in *Monarque* v. *Requa*, cutting off their rights, never having been appealed from, is *res adjudicata* and conclusive on them, and cannot be questioned collaterally. (*Blakely* v. *Calder*, 15 N. Y., 617; *Howell* v. *Mills*, 56 id., 226; *De Forest* v. *Farley*, 62 id., 628; *Schaettler* v. *Gardiner*, 47 id., 404; *Ray* v. *Rowley*, 1 Hun, 614; *Hunt* v. *Hunt*, 72 N. Y.,

217; *Blakely* v. *Calder, Bosworth* v. *Vandewalker*, 53 id., 597; *Hart* v. *Seixas*, 21 Wend., 40; *Wheeler* v. *Raymond*, 8 Cow., 311; *Kundolf* v. *Thalheimer*, 17 Barb., 506; 3 R. S. [6th ed.], 60, § 21; *Bangs* v. *Duchinfeld*, 18 N. Y., 592; *Matter of the Empire City Bank*, 18 id., 199; *People* v. *Sturtevant*, 9 id., 263, 269; *De Bussierre* v. *Halladay*, *infra; Chapman* v. *Phœnix National Bank*, 5 Abb. [N. C.], 118; *Lange* v. *Benedict*, 73 N. Y., 12, 27; *Ludlow* v. *Simond*, 2 Caine's Cas., 56; *Bank of Utica* v. *Mersereou*, 3 Barb. Chy., 528, 574, 575; *Livingston* v. *Livingston*, 4 Johns. Chy., 287, 290; *Underhill* v. *Van Cortlandt*, 2 id., 399; *Ludlow* v. *Simond*, 2 Caine's Cas., 40, 56; *Cox* v. *James*, 45 N. Y., 562; *Green* v. *Millbank*, 3 Abb. [N. C.], 149; *Truscott* v. *King*, 6 N. Y., 165; *Grandin* v. *Le Roy*, 2 Paige, 509; *Le Roy* v. *Platt*, 4 id., 77; *Bank of Utica* v. *City of Utica*, 4 id., 399; *Cumming* v. *Mayor, etc., of Brooklyn*, 11 id., 596; *Hawley* v. *Cramer*, 4 Cow., 717; *Bell* v. *Spolts*, 40 Super. Ct., 552 ; *Pam* v. *Vilmar*, 54 How. Pr., 235; *Clarke* v. *Sawyer*, 2 N. Y., 498; *Post* v. *Hower*, 33 id., 602; *De Bussierre* v. *Holladay*, 2 Abb. [N. C.], 111, 120, 121, 125; *Heath* v. *Hubbell*, 6 Daly, 183; *Roderigas* v. *East River Savings Institution*, 63 N. Y., 460; *Bolton* v. *Jacobs*, 6 Robt., 219, 220; *King* v. *Baldwin*, 17 J. R., 384; *Brady* v. *McCorker*, 1 N. Y., 214; *Rogers* v. *Sinsheimer*, 50 N. Y., 646; *Sullivan* v. *Sullivan*, 66 id., 37; *Bowers* v. *Smith*, 10 Paige, 193, 201, 204; *Rogers* v. *McLean*, 34 N. Y., 536; *Brick's Estate*, 15 Abb. Practice, 40, 43; *McMurray* v. *McMurray*, 66 N. Y., 175.) It was not necessary to give the infant defendants a day after becoming of age. Even if it were, the failure to do so is not a jurisdictional defect. (2 Barb. Chy. Pr. [2d rev. ed.], 210, foot paging 662; 2 Til. & Shear. Pr., 698; 3 Wait's Pr., 632.) The provisions of the will relating to the grandchildren are clearly void, and there consequently would be no valid objection to the title, even if there had been no such adjudication as *Monarque* v. *Requa*. (2 R. S. [6th ed.], 1102, §§ 14, 15; *Westerfield* v. *Westerfield*, 1 Bradf., 141, 142; *Colton* v. *Fox*, 67 N. Y., 348.)

ANDREWS, J.   We are of opinion that the purchaser should not be compelled to complete his purchase.

Jeremiah H. Monarque died in 1864, seized of the prem- ises sought to be partitioned in this action, leaving a widow and four daughters, and several grandchildren, the children of two of the daughters surviving him.   By the first clause of his will he gave to his wife the use of all his real and personal estate during her life.   The second clause is as fol- lows:   " I give and bequeath the income arising from my estate to my daughters, Ellen Requa, Louisa Dixon, Eliza and Mary, to be divided between them, share and share alike, during their and each of their respective natural life, and remainder to their respective children and to their respective heirs and assigns forever."   By the third clause he directed that if either of his daughters should die without lawful issue, the share of said deceased daughter or daughters " shall be divi- ded between the survivor or survivors of them, share and share alike, and to their  children respectively, as before expressed."

There was no illegal suspension of the power of alienation. of the property devised.   The manifest design of the testa- tor by the first and second clauses of the will was to give successive life estates in the property, first to his wife, and then to his daughters, remainder in fee to their children, and this is the construction of the language used.   The gift of the income, by the second clause, to his daughters for life, was equivalent to a devise to them of a life estate in the land : (*Kerry* v. *Devrick*, 8 Co., 95 *b.* ;  Cro. Jac., 104; *Earl* v. *Grim*, 1 Johns. Chy., 494;  *Schemerhorn* v. *Schemerhorn*, 6 id., 70;  3 Wash. on Real Property, 450.)   But the devise to the daughters for life, although embraced in a single clause in which all are named, is by the well settled con- struction of similar clauses, a devise to each in severalty of a life estate in one-fourth part of the property.   (*Savage* v. *Burnham*, 17 N. Y., 561; *Everitt* v. *Everitt*, 29 id., 39; *Stevenson* v. *Lesley*, 70 id., 512.)   The consequence is, that on the termination of the life estate of the widow,

and the death of any daughter of the testator leaving children, the remainder in fee, as to the one-fourth part, would immediately vest in possession in such children. The absolute ownership or power of alienation of the estate is not, therefore, suspended beyond the period of two lives in being at the death of the testator. It is not material to consider the third clause of the will as bearing upon this question. Whatever construction may be given to that clause, the death of the second life tenant is the period when under either clause, the fee of the share of such life tenant vests absolutely in the devisees and beneficiaries.

The remainder given by the second clause vested upon the death of the testator, in the children of the testator's daughters living at that time, subject however to open and let in after-born children, who might come into existence during the life of the mother: (2 Jarm. on Wills 75; 2 Wash. on Real Property, 511, and cases cited.) Three of the daughters of the testator are still living, and each of them may have children not yet *in esse*, entitled to take under the will. It is quite certain therefore, that unless the contingent interests of unborn issue of the daughters have been in some way barred, the title of a purchaser in the partition proceedings will be imperfect. It is claimed that the judgment in the suit brought for the construction of the will, declaring the second and third clauses to be void, is conclusive as to the invalidity of the will. That action was brought by one of the daughters, and the other daughters and the widow and grandchildren of the testator were joined as defendants. The adult defendants did not answer, and a general answer was put in by the guardian *ad litem* of the infants. The case was submitted without evidence. No objection was taken to the jurisdiction of the court, and the judgment was practically, as may be inferred, a judgment by consent. The case was not a proper one for bringing an action for the construction of a will. There was no trust or other element to justify invoking the jurisdiction of the court for that purpose: (*Bowers* v. *Smith*, 10 Pai., 193; *Post* v.

*Hover*, 33 N. Y., 593; *Chipman* v. *Montgomery*, 63 id., 221.) But the court having entertained jurisdiction, and no objection thereto having been made, it may be as is claimed by the plaintiff, that the judgment is conclusive upon the parties thereto : (*Bowers* v. *Smith*, *supra ;* *Clarke* v. *Sawyer*, 2 N. Y., 498.) It is not necessary now to determine this question ; but the judgment cannot bind the contingent interests of unborn children of the testator's daughters. They, of course, could not have consented to the action and will not be concluded by the judgment.

Nor does the judgment in the partition suit bar the future contingent interests of persons not *in esse*. A judgment and sale in partition may conclude contingent interests of persons not in being, but this is only in cases where the judgment provides for and protects such interests by substituting the fund derived from the sale of the land in place of the land, and preserving it to the extent necessary to satisfy such interests as they arise : (*Mead* v. *Mitchell*, 17 N. Y., 210; *Brevoort* v. *Brevoort,* 70 id., 136.) The complaint makes no reference to the fact that any persons other than the plaintiff and her mother and sisters have or may have any interest in the premises in question. On the contrary, it avers that by the will, and the judgment in the suit for the construction of the will, the plaintiff and the defendants Eliza Requa and Louisa Dickson became and are entitled to the fee of the lands, subject to the life estate of their mother. The claim of title made in the action by the plaintiff and her sisters is in hostility to the will, and as heirs at law of their father. The judgment takes no notice of the rights of unborn issue, and does not bar or conclude them. The court did not undertake to pass upon their rights, or to protect them by its judgment.

The order of the General and Special Terms should be reversed, and the motion denied, with costs.

All concur.

Ordered accordingly.