The will of a testator gave to his widow the use of his real and personal estate, with full power of sale of the real estate " as to her shall seem just." After her death one-half of the estate was to pass to each of two daughters for life, with remainder to their children. The widow was also the executrix named in the will.

*Held,* that the power of sale given to the widow was only for the benefit of the estate, and that she was not entitled to the proceeds of sales made by her thereunder.

A gift of a life estate, with a power of sale, and a remainder over of all the property, are consistent dispositions.

APPEAL by Catharine Blauvelt and Julia F. Mansfield, executrices of the last will and testament of Isaac I. Blauvelt, deceased, from a decree entered in the office of the Surrogate's Court of Rockland county, on the 19th day of February, 1891. The said decree, after finally settling and allowing the account of the executrices, and providing for the payment of their commissions and the expenses of the accounting and costs of the contestants, provided as follows:

"And it is further ordered, adjudged and decreed that the real estate known as the Homestead, in Nyack; the farm known as the

Greenbush farm, in Orangetown, or any other property formerly owned by the said estate and now standing in the individual names of Catharine Blauvelt and Julia F. Mansfield respectively, belong to the estate of said Isaac I. Blauvelt, deceased.

" And it is further ordered, adjudged and decreed that said Catharine Blauvelt and Julia F. Mansfield respectively convey to themselves as executrices and trustees of and under the last will and testament of Isaac I. Blauvelt, deceased, said premises so standing in their names."

*Thaddeus D. Kenneson*, for the executrices, appellants.

*A. A. Demarest*, for Francis A. Canfield and other contestants, respondents.

BARNARD, P. J.:

Isaac I. Blauvelt died in Rockland county in 1861, leaving a last will. The deceased left a widow and two daughters. By the will the widow was entitled to " the use of all my real and personal estate " with full power of sale of the real estate " as to her shall seem just."

After the widow's death a life estate in one-half of the estate was given to each of the daughters, with remainder to their children. The widow was one of the executors ; she had no power to use any portion of the principal for her own purpose, but the entire estate was disposed of after her life estate ceased. The widow has sold certain of the testator's lands, and claims to be entitled to hold the proceeds as her own. The surrogate properly disallowed this. The meaning and intent of the will is that the widow may sell the lands for the purposes of the will. She is to have the entire use of the proceeds, but the same must go to the daughters and their children as provided for in the will. The construction claimed by the widow is inconsistent with the scope and intent of the will, and a gift of a life estate with power of sale and remainder over, after the life estate, of all the testator's property is entirely consistent with the power of sale. (*Monarque* v. *Monarque*, 80 N. Y., 320.)

The proceeds of the land became personal estate when the land was sold and actually converted into money under this power, and the surrogate had jurisdiction to compel an account therefor. The

appellants make no point as to the propriety of the decree holding the executrices liable for imprudent loans.

The decree seems faultless in this respect. (*King* v. *Talbot*, 40 N. Y., 76.)

The decree should be affirmed, with costs.

PRATT, J., concurred.

Decree of surrogate affirmed, with costs.

---

JOHN EYLERS AND ANOTHER, RESPONDENTS, v. MARY COEN, APPELLANT.

*Note given to raise money to complete a contract — consideration, as between the maker and the sureties on the contract.*

A contractor with a municipal corporation being in default upon his work one of his sureties undertook to complete it. In order to enable the sureties to raise the moneys required for this purpose the wife of the contractor gave to the sureties her notes. These notes never passed from the hands of the sureties. The notes did not purport to bind, nor were they for the benefit of, the wife's separate estate.

In an action brought to recover upon said notes by the sureties:

*Held,* that, as between them and the wife, there was no consideration therefor.

That the notes were merely a promise by her to be liable for any money to be raised thereby for the purpose of completing the contract.

APPEAL by the defendant, Mary Coen, from a judgment of the City Court of Yonkers, entered in the office of the clerk of said court on the 11th day of March, 1891, in favor of plaintiffs for $872.40, after a trial before the court without a jury.

*F. X. Donoghue*, for the appellant.

*John C. Donohue*, for the respondents.