Penn. St. 546; *Wyman* v. *Phœnix Mutual Life Ins. Co.,* 45 Hun, 184; *Shea* v. *Massachusetts Benefit Assn.,* 160 Mass. 289; *Phœnix Life Ins. Co.* v. *Raddin,* 120 U. S. 183; *Matter of Attorney-General* v. *Continental Life Ins. Co.,* 93 N. Y. 70.)

In *Primeau* v. *National Life Assn.* (77 Hun, 418) there was prompt action to avoid a forfeiture.

The evidence indicates that the policy had lapsed and that Mrs. Kenyon, on the 19th of January, 1897, at the time of her death, and theretofore, had waived all right to have the same reinstated.

The foregoing views lead to the conclusion that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment affirmed, with costs.

---

SARAH O'TOOLE, Respondent, *v.* MARY ANN O'TOOLE, Appellant, Impleaded with Others.

*Partition — action of partition by a life tenant who had conveyed a part of her life interest to a third person — the rights of the remaindermen should be protected by the decree — the sale should be limited to the life interest.*

The life tenant of certain premises, the remainder in which was owned by an infant and an incompetent person, and was liable to be divested in favor of the issue of the life tenant in case she left issue surviving, conveyed one-third of her life interest to a third person, and then commenced an action of partition, which resulted in a sale of the entire premises to such third person for $4,000.

The order confirming the sale directed the referee to pay out of the proceeds of the sale taxes, assessments and water rates, which were liens upon the premises, and also the costs and expenses of the litigation, amounting to some $500 or $600, to compute the value of the life estate in the balance and pay it over to the life tenants, and to deposit the balance then remaining in the county treasurer's office, to be held until the death of the original life tenant and until the further order of the court.

Upon a motion made to require the purchaser to complete her purchase, it was

*Held,* that, if any reason existed why the entire property, and not merely the life estate, should be sold, the costs and expenses of the suit and the taxes and water rates should be paid out of the shares of the life tenants, and the entire balance be deposited, the income to be paid over to the life tenants and the principal to be retained for the benefit of the remaindermen;

That, as in the order confirming the sale, no provision was made to protect the interests of the children which the original life tenant might leave her surviving, nor was any sufficient provision made for the full protection of the incom-

petent or the infant, the purchaser under the circumstances would not acquire a good title to the premises in question; and that she should not be required to complete her purchase.

*Semble,* that the proper course would be to sell or partition the life estate independent of the fee of the premises.

Appeal by Mary Ann O'Toole, the purchaser at a sale had in the above-entitled action, from an order of the County Court of Erie county, entered in the office of the clerk of the county of Erie on the 1st day of November, 1898, requiring her to complete her purchase of certain premises sold in an action of partition.

The action was commenced on the 23d day of November, 1896, to partition certain premises described in the complaint, situate in the city of Buffalo, N. Y., in which the plaintiff Sarah O'Toole had an undivided two-thirds interest in the use, occupation, rents and profits thereof during her life, and the defendant Mary Ann O'Toole had an undivided one-third interest in said use, occupation, rents and profits during the life of said Sarah O'Toole.

On the 23d day of February, 1888, Patrick O'Toole, who at the time and for many years prior thereto had resided in the city of Buffalo, N. Y., died, leaving a last will and testament, which was duly admitted to probate by the Surrogate's Court of the county of Erie on the 22d day of March, 1888.

Among other provisions said will contained the following :

"*Fourth.* I hereby give and bequeath to my daughter Sarah O'Toole, now residing in the city of Buffalo, so long as she shall live, the use, occupation, rents and profits of my two-story and a basement brick building known as No. 19 Carroll street in the city of Buffalo, and at her death, should my daughter Sarah O'Toole leave her surviving any children, I give and bequeath the last-mentioned property to her said child or children, to share and share alike therein, and should my said daughter Sarah O'Toole die without issue her surviving, then, and in that case, the said property No. 19 Carroll street to be divided equally among my heirs, share and share alike therein."

Patrick O'Toole left him surviving his widow, Mary Ann O'Toole, this defendant, and a daughter, Alice O'Toole, who is an incompetent person, and Edward E. Coatsworth was appointed the committee of her person and property by an order duly made by the County

Court of Erie county, and entered on the 5th day of January, 1893. He also left him surviving his daughter Mary Ann Gleason, who died about the year 1892, leaving her surviving one child, Nelly Gleason, who is an infant fourteen years of age and upwards, and who resides in Chicago, in the State of Illinois. The defendant Edward J. Rosenau was appointed guardian *ad litem* of such infant by an order of the County Court of Erie county, made and entered on the 9th day of October, 1897.

By the terms of the will and her election thereunder, the widow, Mary Ann O'Toole, took no dower interest in the premises in question.

On the 20th day of November, 1896, the plaintiff, Sarah O'Toole, by an instrument in writing, under seal and duly acknowledged, sold, assigned, transferred, granted and conveyed to the defendant Mary Ann O'Toole an equal undivided one-third part of all her right, title and interest of, in and to the property in question. At the time of the commencement of the action the plaintiff, Sarah O'Toole, had an equal undivided two-thirds interest in said premises during her life, and the defendant Mary Ann O'Toole had an equal undivided one-third interest in said premises during the life of said Sarah O'Toole. The defendants Alice O'Toole and Nelly Gleason each had an estate in fee in the undivided one-half of said premises, subject to the above life estate, which estate in fee is liable to be divested, however, on the death of said plaintiff, Sarah O'Toole, leaving issue her surviving.

The committee of Alice O'Toole appeared in said action of partition and interposed a formal answer submitting the rights of Alice O'Toole to the court. The guardian *ad litem* of the infant, Nelly Gleason, also appeared in said action and answered, submitting her rights to the court.

Such proceedings were had in said action of partition that on the 9th day of February, 1898, judgment was entered directing that the property described in the complaint be sold, and determining the interest therein of the respective parties defendant, and Charles E. Newton, Esq., was appointed referee for the purpose of making such sale.

Thereafter, and on the 18th day of March, 1898, said premises were sold by the referee to the defendant Mary Ann O'Toole for

the sum of $4,000, she being the highest bidder therefor and that being the highest sum bidden for the same.

Thereafter, and on the 28th day of October, 1898, said sale was in all things confirmed by an order of the Erie County Court, and said order, among other things, provided :

"That the said Referee first deduct from the proceeds of the sale his fees and disbursements ; that the said Referee pay all taxes, assessments and water rates which are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments or water rates which have not apparently become absolute, and that the costs and expenses of this proceeding, including an additional allowance of seventy-five dollars ($75.00), which are hereby adjusted according to law at the sum of $260.55, be deducted from the proceeds of such sale, and that the said Referee pay the same to the plaintiff's attorney.

"It is further ordered and adjusted* that said Referee pay to Edward J. Rosenau, Esq., the guardian *ad litem* herein, out of the proceeds of such sale, the sum of fifty dollars ($50.00), in full of his costs and allowances, which is allowed for his fees in this action, and that he pay to Edward E. Coatsworth, Esq., who has been substituted in place of Cunneen & Coatsworth as attorney for Alice O'Toole, and Edward E. Coatsworth as Committee of the person and property of Alice O'Toole, an incompetent person, the sum of fifty dollars ($50.00) for his costs in this action to be taxed.

"And it is further ordered and adjudged that the said Referee compute the life interest of the plaintiff, Sarah O'Toole, and the defendant Mary Ann O'Toole, as set forth in the interlocutory judgment herein, in the balance of the proceeds of sale, which life interest is in the whole of the premises described in the interlocutory judgment for and during the life of said Sarah O'Toole, and that he pay to said Sarah O'Toole and Mary Ann O'Toole the value of the life estate as computed by him in the proportions of two-thirds to Sarah O'Toole and one-third to Mary Ann O'Toole, they having consented to accept a gross sum in satisfaction of their said estate.

"And it appearing from said interlocutory judgment that the

---

* *Sic.*

defendants Nelly Gleason and Alice O'Toole have an equal undivided estate in fee in the remainder of the proceeds of said sale, but which estate in fee is liable to be divested by the death of said plaintiff, Sarah O'Toole, leaving issue, it is, therefore, ordered and adjudged that the said Referee bring the balance remaining of said proceeds of said sale into court and deposit it with the Treasurer of the County of Erie, to be invested by said Treasurer in permanent interest bearing securities, and held by him until the death of said Sarah O'Toole and the further order of this court."

The defendant Mary Ann O'Toole refused to complete the purchase of the premises struck off to her by the referee as aforesaid, and refused to pay to said referee the sum of $4,000, the amount which she bid for the premises in question. An order was made by the County Court of Erie county, which was served on the defendant Mary Ann O'Toole on the 29th day of October, 1898, requiring Mary Ann O'Toole to show cause why she should not comply with the terms upon which the premises referred to were sold to her, and why she should not be compelled to pay said sum of $4,000 to the referee. Such order came on to be heard on the 31st day of October, 1898, at which time an order was made by the County Court of Erie county, requiring Mary Ann O'Toole to complete her purchase of the premises in question. From that order this appeal is taken.

*Simon Fleischmann,* for the appellant.

*Jacob Stern,* for the respondent.

McLENNAN, J.:

Under section 1532 of the Code of Civil Procedure, the plaintiff is technically entitled to maintain an action for the partition of the property described in the complaint. It is apparent, however, that the conveyance by the plaintiff to the defendant Mary Ann O'Toole of an undivided one-third of her estate for life in the premises in question was made for the purpose of enabling her to obtain the value in money of such life estate, regardless of the interest of the owners of the fee now in being, or the rights of those who in future may become the owners of such fee. If the sale is consummated, the result will be that the purchase price which represents the value of the fee, as well as of the life estate, will be depleted in the

amount of between $500 and $600 for the costs and expenses of the partition. The value of the life estate would amount to about $2,200, so that there would only be left a balance of about $1,200 or $1,300, out of property which is concededly worth $4,000, for the children of the plaintiff if she leaves any children her surviving, or if not, then for the incompetent daughter of the testator and the infant granddaughter, who, upon the death of the plaintiff without issue, would become absolute owners of the fee.

It is difficult to discover why any portion of the proceeds realized by the sale of the fee of the premises should be applied to the payment of the costs and expenses of the partition.

The judgment of sale further provides " That the said referee pay all taxes, assessments and water rates which are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments or water rates which have not apparently become absolute."

The amount of such taxes and water rates is not disclosed by the record before us, but it is apparent that such charges, if any, should be fully paid by the owners of the life estate, and no part thereof paid out of the proceeds realized upon the sale of the fee of the premises.

The record before us fails to disclose any reason why the fee should be sold at all. If the plaintiff and the defendant Mary Ann O'Toole are desirous of realizing upon their life estate, and are in accord, as they clearly are, there is no reason why such life estate should not be sold at private sale, or, if they are not in accord, then a partition of such life estate could be had, and it could be sold without prejudice to the interests of the owners of the fee of the property. If any reason does exist which is not disclosed by the record why the entire property should be sold, then the entire costs and expenses, the taxes and water rates, should be paid out of the share of the plaintiff and the defendant Mary Ann O'Toole in the proportion of two-thirds and one-third, and the entire balance should be deposited with the county treasurer of Erie county to be invested by him, and the net income to be paid to the plaintiff and the defendant Mary Ann O'Toole, in the proportion of two-thirds and one-third respectively, the principal to be retained for the children of the plaintiff in case she leaves such her surviving, and if not, then

to the incompetent daughter and infant granddaughter of the testator, share and share alike.

In the case of *Monarque* v. *Monarque* (80 N. Y. 320) it was held that " a judgment and sale in partition only concludes contingent interests of persons not in being, when the judgment provides for and protects such interests by substituting the fund derived from the sale of the land in place of it, and preserving the fund to the extent necessary to satisfy such interests."

In this case no such provision is made to protect the interests of the persons not in being, to wit, the children which the plaintiff may leave her surviving, and no provision is made for the full protection of the defendant Alice O'Toole, the incompetent daughter of the testator, or Nelly Gleason, the infant granddaughter of the testator.

Under those circumstances, we think the purchaser, Mary Ann O'Toole, would not take good title to the premises in question, and that, therefore, she ought not to be required to complete the purchase.

If the learned county judge finds (which upon the record before us is quite apparent) that this action is the result of a scheme to cut off the interests of persons who may become entitled to the property in question, and who are not parties to the action, he may refuse to confirm the sale and leave the parties in the position in which they have placed themselves; and the County Court may afford the parties representing the incompetent daughter and the infant granddaughter an opportunity to more fully protect their interests respectively than they have yet done in this action.

The order appealed from should be reversed, without costs to either party. A copy of the decision of this court should be served upon the attorney for the committee of Alice O'Toole and upon the guardian *ad litem* of the infant, Nelly Gleason, and all proceedings in this action should be stayed until twenty days after the service of notice of such decision.

All concurred.

Order reversed, without costs to either party, and direction given to serve copy of this decision and opinion upon the committee of Alice O'Toole and guardian *ad litem* of Nelly Gleason, and a stay of proceedings is directed until twenty days after service of such decision and opinion.