GARRISON *v.* HECKER.

1. ESTATES IN LAND — LIFE TENANT — SALE OF FEE — CONSTITU-
   TIONAL LAW.
   3 Comp. Laws, § 9234 *et seq.*, as amended by Act No. 55, Pub.
   Acts 1901, authorizing the chancery court to order the sale in
   fee of lands devised for life, on the petition of the life tenant,
   and a showing that the rights of the parties would otherwise
   be jeopardized, is valid legislation.

2. SAME—NOTICE—SUBSTITUTED SERVICE—JURISDICTION.
   Under such statute, land devised to testator's son for life, with
   remainder in fee to the latter's heirs, may be ordered sold for
   the purpose of preserving the estate, on petition of the son
   showing the necessity therefor, notice of such petition having
   been published in accordance with the statute, and the heirs
   presumptive of the life tenant being in court, though such
   heirs may not be the ones eventually entitled to take, by
   reason either of the subsequent birth of other heirs or their
   own prior death; since (as to the former contingency) the heirs
   presumptive may be treated as representing any after-born
   heirs so entitled, and (as to the latter), the proceeding being
   *in rem*, any persons *in esse* having contingent interests would
   be bound by the substituted service by publication.

Appeal from Wayne; Donovan, J.    Submitted October
1, 1901.    Decided October 23, 1901.

Petition by John William Garrison for an order requir-
ing Frank J. Hecker to pay the price of real estate sold
under order of court.    From a decree for petitioner, de-
fendant appeals.    Affirmed.

*William E. Walsh,* for petitioner.

*Walker & Spalding* and *I. T. Cowles* (*H. E. Spald-
ing,* of counsel), for defendant.

HOOKER, J.    John J. Garrison's will, admitted to pro-
bate in 1876, devised the real estate in question to his son
John William Garrison for life, remainder in fee to his

(John William Garrison's) heirs. John William Garrison is living, and has a wife and two minor children, all living. He has also living brothers and sisters, all adults. Proceedings have been taken under a petition filed May 21, 1901, by the life tenant for the sale of the premises in fee under 3 Comp. Laws, §§ 9234–9242, inclusive, as amended by an act passed April 9, 1901, which was given immediate effect. Act No. 55, Pub. Acts 1901. The material portions of this act in this connection are sections 1 and 2, which read as follows (the *Italicized* portion having been introduced by the amendatory act mentioned):

"Section 1. Whenever any person shall be seised or possessed of any lands, tenements, or hereditaments devised to such person for life with *or without* power of appointment by will, or of any lands, tenements, or hereditaments devised to such person in trust without power of sale, the circuit court in chancery for the county where such property is situated may, on the petition of such person, order that such land, tenements, and hereditaments be sold under the direction of the court, *whenever, by a proper showing by witnesses produced before the court, it shall satisfactorily appear that the rights of the interested parties will otherwise be jeopardized.*

"Sec. 2. Every conveyance made by the person so seised pursuant to such order of said court shall be as good and effectual in law, and shall convey the same title, as if the same were made by such person being seised of the title in fee to such lands, tenements, and hereditaments."

The minor children of John W. Garrison were served with notice of the petition for the sale, and appeared and answered through guardian *ad litem*, and the statutory publication was made. The widow filed a consent to the proposed order. The minors, aged, respectively, 17 and 13 years, submitted their rights and interests to the protection of the court. No one appeared upon the hearing in opposition to the application. There was testimony showing *prima facie* that the buildings upon the property (which is in Detroit) are old and badly out of repair,

and, being within the fire limits, cannot be repaired lawfully; that the life tenant has no means with which to replace the buildings with others, and that the income is small in proportion to the value of the property; that the life tenant has been unable to pay the taxes since 1894, and that accumulated back taxes, for which the property has been sold to the city, are about $12,000; and that application for these tax titles has been made by others, and petitioner has been notified by the city that they would be sold unless the premises should be redeemed before the 1st of July last. An order was made June 22, 1901, whereby John William Garrison was authorized and empowered to sell the fee of the real estate in question in one sale, or in parcels from time to time, subject to report and confirmation by the court; the proceeds to be paid to the Detroit Trust Company, which was appointed trustee for the purpose of receiving, keeping, and disposing of the same in accordance with the court's direction.

On July 2, 1901, John W. Garrison filed a report of sale, showing that he had made an agreement to sell to Frank J. Hecker, subject to confirmation by the court, the fee of the property, free and clear from all liens, levies, and incumbrances, for $138,000, and that there were then outstanding city tax leases on the property on which there was due $11,838.92, which should be paid in order that the sale might be consummated. The report and sale were confirmed, and Garrison ordered to give to Hecker a deed in fee on his compliance with the agreement of sale, and that the taxes be paid by the Detroit Trust Company from the proceeds. Other provisions of this order are unimportant. The date of this order does not appear in the record, except that it was in July, 1901.

On the 10th of July, 1901, Garrison filed another petition, reciting the facts hereinbefore stated, and alleging the order of confirmation to have been made on July 2, 1901, and that on July 3, 1901, a deed was tendered to Hecker in accordance with the order of confirmation, and

a request made that he pay the said sum of $138,000 to the Detroit Trust Company, which he refused to do. The petition prays that Hecker be required by an order of the court to pay the same. Notice of the hearing of this petition was served on Hecker. He answered, admitting the purchase, and alleging a willingness to complete the purchase, provided he can acquire a perfect and indefeasible title; that he is advised that the proceedings are invalid, null, and void, and ineffectual to devest the heirs of John W. Garrison of their rights in the premises, and alleges that the deed would not, therefore, vest in him a perfect and indefeasible title in fee simple, and further that the act under which the proceedings were taken and sale made is unconstitutional, null, and void. A hearing was had, and the court made an order in accordance with the prayer of the petition. It contained an adjudication that a "good and legal estate of possession and inheritance will vest in said Hecker upon payment of the money." The cause comes before this court on appeal, a case made reciting the testimony; it being certified by the trial judge that the other proceedings are substantially contained in the petition for leave to sell.

The question raised is whether the court had any jurisdiction whatever in the original proceedings. The statute cited is one designed to provide for a partition, substantially. It provides for a sale and the proper disposition of the proceeds. The power of the legislature to pass laws for the judicial sale of property for the benefit of those having different interests therein is upheld by many cases. It is an everyday practice to sell the interests of minors and incompetent persons for their benefit, and no good reason is suggested for denying to courts of chancery the power to make such sales, though it involve a partition, or its equivalent. The power under this statute extends to a partition of different estates in property. *Phillips* v. *Johnson*, 14 B. Mon. 172. See 17 Am. & Eng. Enc. Law, 690, note 4. In the present case the children of John W. Garrison are before the court. At present they

represent the estate of inheritance, and, while the vicis-
situdes of life may change the ownership of the re-
mainder, it is the prevailing rule that persons not *in esse*
will be bound by the partition; those before the court
being treated as representative of such persons as may, by
reason of subsequently coming into being, acquire an
interest in the property. See 17 Am. & Eng. Enc. Law,
728, and note; *Monarque* v. *Monarque,* 8 Abb. N. C.
102, 80 N. Y. 320. We do not overlook the fact that
persons now *in esse,* other than the minors, may become
entitled to this remainder in the event of John W. Garri-
son's death without issue him surviving. Section 4 of
the act provides for a substituted service by publication,
and this was given. We think this a constitutional and
valid procedure in cases *in rem.* 17 Am. & Eng. Enc.
Law, 727, 728, and notes; *Moore* v. *Wayne Circuit
Judge,* 55 Mich. 84 (20 N. W. 801).

The decree of the circuit court is affirmed.

MONTGOMERY, C. J., MOORE and LONG, JJ., con-
curred. GRANT, J., did not sit.