### GREEN et al. v. HEAD et al.

(Supreme Court, Special Term, Madison County. May 17, 1907.)

1. REMAINDERS—CONDITIONS—CROSS-REMAINDERS.

Testator devised a life estate during widowhood to his wife, then a life estate to his son on his payment of $600 to each of his daughters, and remainder to the son's children who should survive him. He then declared that, if the son should not accept such conditional life estate, the property should be divided in fee among testator's four children. *Held*, that such provisions were valid, under Real Property Law, Laws 1896, p. 566, c. 547, § 41, authorizing future estates in real property in the alternative.

2. SAME—INTERMEDIATE ESTATE—SALE.

Testator, after bequeathing a life estate in certain property to his wife, devised the same to his son for life on performance of certain conditions, remainder to the son's children who should survive him, but, if the son did not perform the conditions, then remainder to testator's four children in fee. *Held*, that a son of the conditional devisee for life took an expectant estate in fee in such land, which his father could not defeat during the life estate of the widow by conveying his interest in the land under Real Property Law, Laws 1896, p. 567, c. 547, § 47, declaring that an expectant estate cannot be defeated or barred by any transfer or other act of the owner of the intermediate or precedent estate, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Remainders, § 7.]

3. SAME—ACQUISITION OF REMAINDER FOR LIFE BY REMAINDERMAN IN FEE—PERFORMANCE.

On the death of the conditional devisee during the life of the widow, the remainder would vest in his children, subject to the performance of the conditions imposed on such devisee, with the right to elect not to perform the same and to take the share of their father in such property, which election, if the children were unable to make for themselves, might be made for them by the court.

4. PARTITION—REMAINDERMEN—RIGHT TO SUE.

Persons having no vested interest in the remainder of certain property were not entitled to maintain a suit for partition during the continuance of the life estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, §§ 41, 48.]

5. SAME—PARTIES.

In a suit for partition by a life tenant, parties having no vested interest in the remainder could not be properly joined as parties plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, §§ 41, 48, 115–117.]

Action by Nancy L. Green and others against Emma A. Head and others. Complaint dismissed.

Senn & Devitt, for plaintiffs.
George B. Russell, for guardian ad litem.

COMAN, J. This action has been brought to procure the partition or sale of certain real estate, situate in the town of Lebanon, in this county, comprising a farm of the value of about $4,000. The complaint alleges in effect that the property in question is owned by the plaintiffs Gelette I. Wilcox and Mary E. Wilcox and the defendants Emma A. Head and Attie D. Fleming, subject to a life estate or an estate during her widowhood of the plaintiff Nancy L. Green. The facts are that in the year 1894 one Amos L. Green, a resident of said town of Lebanon, died seised and possessed of the premises in question. He left a last will and testament, which has been duly admitted to probate, and left him surviving the plaintiff Nancy L. Green, his widow, and the plaintiff Mary E. Wilcox and the defendants Attie D. Fleming, Emma A. Head, and Clarence C. Green, his only heirs at law. By the terms of his will, he gave to the widow, Nancy L. Green, the use of all his property, real and personal, during the term of her natural life, or so long as she should remain his widow. The will then contains this provision:

"After my wife, Nancy L. Green, shall be through with the use of the farm and personal property that may be left, if my son Clarence C. Green will take the farm and personal and pay to each of my daughters as follows, viz.: Mrs. Attie D. Fleming, Mrs. Mary E. Wilcox, and Mrs. Emma A. Head—the sum of $600.00 each one, he shall have the use of said farm so long as he may live. But he shall have no power to sell or in any way whatever to incumber said farm. At his death his children, should he leave any, shall have the farm equally divided between them should there be more than one. In case he should die without issue then the farm shall be divided equally among my three daughters heretofore mentioned in my will, or their heirs. In case he should not choose to pay the sums named to my three daughters then the property shall be divided equally among my four children share and share alike in whatever may be left at the time my wife is through with it at her death."

Nancy L. Green, the widow, is still living. The defendant Clarence C. Green has at this time only one child, to wit, the defendant Amos L. Green, who is an infant. The wife of the defendant Clarence C. Green has secured from him an absolute divorce, and the custody of the infant child has been awarded to her. Prior to the commencement of this action, and on the 21st day of April, 1905, the defendant Clarence C. Green, in consideration of the sum of $400, executed and delivered to the plaintiff Gelette I. Wilcox a quitclaim deed of all his interest in the property described in the complaint. At the end of the description contained in the deed occurs the following clause, to wit:

"Meaning hereby to convey to the said party of the second part all my right, title and interest in and to the aforesaid lands and premises which I took under the will of my father, the late Amos Green, or as heir at law of said Amos Green."

It is claimed by the counsel for the plaintiffs that, by thus selling and conveying his interest in the property in question, the defendant Clarence C. Green elected not to accept the life estate devised to him upon the terms and conditions imposed by the will. I do not think that there is any foundation for this contention; but I shall not discuss it, as in the view that I have taken of the case it is quite immaterial. I do not think there can be any serious dispute as to the intent of the testator or as to the legal effect of the provisions quoted from his will. After devising a life estate or an estate during widowhood to Nancy L. Green, and a second life estate to Clarence C. Green, upon the performance of a certain condition precedent, he devised the remainder to the children of Clarence C. Green who should survive him. He then provides for a substitutional fee in remainder to his four children, in the event that Clarence C. Green shall not accept the life estate devised to him upon the conditions imposed. These provisions seem to be valid under section 41 of the real property law (Laws 1896, p. 566, c. 547), relating to "Future Estate in the Alternative." It happens at this time that Clarence C. Green has only one child; but, as the remainder has not vested and cannot vest until either the death of Clarence C. Green or until such time as he lawfully makes his election, other children may be born to him in the meantime, the defendant Amos L. Green may die and leave issue, and it thus becomes apparent that persons not now in being may become the owners of the remainder. All that can now be said is that Amos L. Green is the presumptive owner of the remainder in fee.

Section 47 of the real property law provides:

"An expectant estate cannot be defeated or barred by any transfer or other act of the owner of the intermediate or precedent estate, nor by any destruction of such precedent estate by disseisin, forfeiture, surrender, merger or otherwise; but an expectant estate may be defeated in any manner, or by any act or means which the party creating such estate, in the creation thereof, has provided for or authorized."

Unquestionably the will created an expectant estate in fee in the defendant Amos L. Green. The plain intent of the testator was that the remainder should not vest during the lifetime of the widow. In the nature of things, the contingency upon which the vesting depended could not arise during the lifetime of the widow. The testator, in the creation of the expectant estate, did not provide for or authorize any manner in which Clarence C. Green could destroy or defeat it, except by his refusal to accept the life estate devised to him when the time arrived for him to make his election, to wit, upon the death of the widow. In the meantime he cannot defeat or bar or impair the rights of the infant. Doubtless he could convey his own expectant estate or interest (Real Property Law, § 49); but that is the extent of his power. Whether such a conveyance carries with it the right to elect which of the estates granted by the will his grantee will accept it is unnecessary now to determine; but it seems reasonably clear that, if Clarence C. Green shall not survive the widow, the remainder will vest in Amos L. Green, subject to the payment of the legacies to the testator's daughters, and that if he should still be an infant, and an

election on his part became necessary, such election could be made for him by the court. 11 Am. & Eng. Enc. of Law (2d Ed.) 77.

I am confirmed in the correctness of these views by the manifest injustice which would result from any other conclusion. That the father of this infant may at some time be able, by his act of election, to destroy and defeat the interests of his child in this estate, is quite possible, and the motives which prompt such action will be quite immaterial; but the courts cannot be asked to make a strained or forced construction of this will for the purpose of hastening the accomplishment of that purpose. It follows that, as neither of the parties has a vested interest in the remainder, this action cannot be maintained. It is possible, though doubtful, that under section 1532 of the Code of Civil Procedure the plaintiff Nancy L. Green is technically entitled to maintain an action for the partition of this property; but, even if such an action could be maintained by her, the plaintiffs Gelette I. Wilcox and Mary E. Wilcox are not proper parties plaintiff to such an action. But, even if she desired to sell her life estate, there is no reason why she cannot sell it at private sale; and, as was said in the case of O'Toole v. O'Toole, 39 App. Div. 302, 307, 56 N. Y. Supp. 963, where very similar conditions were disclosed, there does not appear to be any reason shown why the fee should be sold at all, and, if it were to be sold in such an action as suggested, then the entire costs and expenses of the action and the accumulated taxes, etc., should be paid out of the plaintiff's share.

Judgment should be entered dismissing the complaint, with costs in favor of the guardian ad litem against the plaintiffs, to be taxed.