(91 Misc. Rep. 15)

### MORAN v. WELCH.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. COURTS ⊚⇒189—NEW YORK MUNICIPAL COURT—JURISDICTION—TITLE TO LAND.

To authorize dismissal of an action in the Municipal Court on the ground that title to land is in question, defendant must'set it up in his answer, and give the undertaking required by Municipal Court Act (Laws 1902, c. 580) § 180, or it must, under section 184, appear on the trial from plaintiff's own showing that such title is in question.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⊚⇒189.]

2. COURTS ⊚⇒190—NEW YORK MUNICIPAL COURT—APPEAL—ORDERS APPEALABLE—ORDER DISMISSING COMPLAINT.

An appeal does not lie from an order of the Municipal Court refusing to dismiss the complaint on the ground that title to land is involved, but the appeal must be from the judgment entered thereon.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⊚⇒190; Appeal and Error, Cent. Dig. §§ 103, 3379½, 3381.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Ellen Moran against Lottie Welch. From an order of the Municipal Court of the City of New York, denying a motion to dismiss the complaint, defendant appeals. Dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Alexander Coblitz, of New York City, for appellant.
Justus W. Smith, of New York City, for respondent.

GUY, J. The pleadings in this case were oral; plaintiff claiming for money loaned upon an assigned claim, and the answer being a general denial and a counterclaim. Plaintiff filed a bill of particulars, in which she set up that her assignor had loaned to the defendant $250, which was needed by defendant to meet her taxes and assessments upon mortgages affecting property, and which sum was to be repaid in the event that a certain loan which she was then endeavoring to obtain from plaintiff's assignor should not be made through the fault of defendant, or by reason of any incumbrance upon or objection plaintiff's assignor should have to any of the titles to the property mentioned in the agreement, which was in writing. It then set forth that, by reason of the objection made by plaintiff's assignor to the title to the property, said loan was not made, and demanded judgment for said sum. Upon the filing of this bill of particulars, the defendant made a motion to dismiss the complaint upon the ground that the court had no jurisdiction of the action, as the question of title to land was involved. This motion was denied, and defendant appealed from the

order denying the motion. No judgment, so far as the record before us shows, has been entered in favor of either party.

[1] In the present state of the action there is no authority for this appeal. To authorize the dismissal of an action upon the ground that the title to land comes in question, the defendant must set it up in his answer, in which case he must give an undertaking in accordance with the provisions of section 180 of the Municipal Court Act, or it must appear "upon the trial, from plaintiff's own showing, that the title to real property is in question." Section 184, Municipal Court Act.

[2] Moreover, it has been frequently held that an appeal must be taken from the judgment, and not from an order dismissing the complaint. Metropolitan E. R. Co. v. Johnston, 84 Hun, 83, 32 N. Y. Supp. 49, affirmed 158 N. Y. 739, 53 N. E. 1127; Citron v. Bayley, 36 App. Div. 130, 55 N. Y. Supp. 382. And the order appealed from is of a similar character.

Appeal dismissed, with $10 costs.

PAGE, J. I concur, on the last ground stated in the opinion. In my opinion, the title to real property was not in question in this case. Heiferman v. Scholder, 134 App. Div. 579, 583, 119 N. Y. Supp. 520.